UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARK JAVERY | CIVIL ACTION |
| VERSUS | NO: 14-2644 |
| LOCKHEED MARTIN CORPORATION | SECTION: "A" (1) |

### ORDER AND REASONS

Before the Court is a **Motion for Judgment on the Pleadings (Rec. Doc. 21)** filed by defendant Lockheed Martin Corporation ("Lockheed"). Plaintiff Mark Javery ("Javery") has responded to the motion. The motion, set for submission on February 10, 2016, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is GRANTED.

I.   BACKGROUND

Javery has filed his complaint pursuant to Title VII of the Civil Rights Act of 1964, the Federal Whistle Blower Protection Act, Louisiana employment discrimination law, and Louisiana whistleblower protection law. The defendant is Lockheed Martin Corporation, Javery's former employer.

On April 29, 2014, Lockheed placed Javery on administrative leave pending the outcome of an investigation into preventative maintenance project overruns. (Rec. Doc. 8, Defendant's Answer ¶ 6). On March 20, 2014, Lockheed terminated Javery's employment following the investigation. *Id.*

Javery filed the instant complaint on November 19, 2014. Javery alleges that Lockheed's termination of his employment was based on his race. (Rec. Doc. 1, Plaintiff's Complaint p.2). Javery further alleges that Lockheed terminated him in retaliation for reporting an allegedly illegal budget shifting scheme. *Id.* at 6. Lastly, Javery asserts that Lockheed defamed him pertaining to

1

falsified reporting records, and Javery's truthfulness during the over-run investigation. *Id.* at 6-7. Javery seeks retroactive reinstatement of his employment, compensatory damages, all statutory relief, punitive damages and attorney's fees. *Id.* at 7-8.

Via the instant motion, Lockheed now moves for a partial judgment on the pleadings pursuant Rule 12(c) asserting that Javery has failed to state a claim for which relief can be granted on his Federal Whistle Blower Protection Act claim, his Louisiana whistle blower protection law claim, his Louisiana employment discrimination law claim, and his retaliation claim under Title VII.

## II.   DISCUSSION

In the context of a motion for judgment on the pleadings, the Court must accept all factual allegations in the complaint as true and draw all reasonable interferences in the plaintiff's favor. Courts evaluate a motion for judgment on the pleadings under Rule 12(c) "using the same standard as a motion to dismiss under Rule 12(b)(6)." *Gentilello v. Rege*, 627 F.3d 540, 543-44 (5th Cir. 2010). As such, courts construe allegations in a complaint "in the light most favorable to the non-moving party." *Gipson v. American Sec. Ins. Co.*, No. 11-2213, 2012 WL 2915839, at *1 (E.D. La. 2012) (Berrigan, H).

Here, the Court must construe the allegations in the complaint in the light most favorable to Javery, and shall only grant judgment on the pleadings "if there are no disputed issues of material fact and only questions of law remain." *Id.* (citing *Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 (5th Cir. 1998)).

Lockheed's first contention is that the Court should dismiss Javery's Title VII retaliation claim brought under 42 U.S.C. § 2000e, *et seq*. In order to establish a retaliation claim under Title VII, Javery must prove that 1) he participated in an activity protected by Title VII; 2) Lockheed took an adverse employment action against Javery; and 3) a causal connection exists between the protected activity and Lockheed's adverse employment action. *McCoy v. City of Shreveport*, 492

2

F.3d 551, 556-57 (5th Cir. 2007). Activity that is protected by Title VII "is defined as opposition to any practice rendered unlawful by Title VII, including making a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing." *Richards v. JRK Property Holdings*, 405 Fed. Appx. 829, 831 (5th Cir. 2010) (citing *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 342, 345 (5th Cir. 2002)).

      Lockheed argues that Javery did not participate in an activity protected by Title VII, and therefore cannot satisfy the first element of a Title VII retaliation claim. Javery does not dispute Lockheed's contention that he did not participate in an activity protected by Title VII. (Rec. Doc. 26, Plaintiff's Response p.1). Accordingly, Lockheed's motion for judgment on the pleadings is GRANTED as to Javery's Title VII retaliation claim.

      Lockheed's second contention is that Javery has failed to state a claim under the Federal Whistleblower Protection Act, 5 U.S.C. § 1201, *et seq.*, (the "Act") for which relief can be granted. Specifically, Lockheed argues that the Act only applies to federal employees, and that Javery does not and cannot allege that he is a federal worker.

      Javery does not dispute Lockheed's assertion that federal employment is a key element of a claim under the Act. Because Javery does not allege federal employment, Lockheed's motion for judgment on the pleadings is granted as to Javery's Federal Whistleblower Protection Act claim.

      Lockheed's next contention is that Javery's claim under Louisiana's whistle blower protection statute, La. R.S. § 23:967, is not supportable because the conduct at issue occurred in Mississippi. The Louisiana Court of Appeal for the Fourth Circuit has recognized that the Louisiana whistleblower statute only applies to conduct that occurs in Louisiana. *Medonca v. Tidewater, Inc.*, 862 So. 2d 505, 509 (La. App. 4th Cir. 2003) (citing La. R.S. § 23:961(B)).

      Javery's complaint arises out of conduct that occurred in Mississippi, not in Louisiana. (Rec. Doc. 1, Complaint p.2). Javery does not dispute Lockheed's challenge to his claim under the

Louisiana whistleblower statute. (Rec. Doc. 26, Plaintiff's Response p.1). Therefore, Lockheed's motion for judgment on the pleadings is GRANTED as to Javery's claim under the Louisiana whistleblower protection statute.

Lockheed's final contention is that Javery's Louisiana employment discrimination law claim, La. R.S. § 23:301, *et seq.*, is not properly pleaded and should be dismissed. Specifically, Lockheed argues that Louisiana employment discrimination law does not cover the alleged conduct because it occurred in Mississippi, not Louisiana. Lockheed also argues that retaliation claims based on race do not fall within the scope of Louisiana employment discrimination law.

Javery does not take issue with Lockheed's challenge to his discrimination claim brought under Louisiana law. (Rec. Doc. 26, Plaintiff's Response p.1). Lockheed's motion for judgment on the pleadings is therefore GRANTED as to Javery's state employment discrimination law claim.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Judgment on the Pleadings (Rec. Doc. 21)** filed by defendant Lockheed is **GRANTED**. Plaintiff's claims for Title VII retaliation, and violations of the Federal Whistleblower Protection Act, Louisiana employment discrimination law, and Louisiana whistleblower protection law are **DISMISSED**.

March 7, 2016

            JAY C. ZAINEY
       UNITED STATES DISTRICT JUDGE