UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARK JAVERY                                                        CIVIL ACTION

VERSUS                                                                  NO: 14-2644

LOCKHEED MARTIN CORPORATION               SECTION: "A" (1)

**ORDER AND REASONS**

The following dispositive motion is before the Court: **Motion for Summary Judgment (Rec. Doc. 22)** filed by defendant Lockheed Martin Corporation. Lockheed Martin has also filed a **Motion in Limine to Exclude OIG Report and Related Materials, Statements, and Testimony (Rec. Doc. 50 \*SEALED\*)**. Plaintiff Mark Javery has opposed both motions. The motions, submitted on February 10, 2016, are before the Court on the briefs with oral argument.

On February 18, 2016, the Court converted the pretrial conference to a status conference in light of the pending motions. The Court also cancelled the jury trial scheduled to commence on March 7, 2016, pending the ruling on the foregoing motions. (Rec. Doc. 59). A follow-up status conference with the Court was scheduled for April 21, 2016, for the purpose of selecting a new trial date.[1] The Court cancelled that conference in order to rule on the pending motions.

For the reasons that follow, the motion for summary judgment is GRANTED IN PART AND DENIED IN PART, and the motion in limine is DENIED AS MOOT.

---

[1] The Court also advised that it would give the parties an opportunity to brief whether this action should be consolidated with Brian M. Dejan v. Lockheed Martin Corp., Civil Action 14-2731. This issue became moot on March 23, 2016, when the Court granted summary judgment and entered a final judgment in favor of the defendants. (CA14-2731, Rec. Docs. 59, 60).

I.     **Background**

Plaintiff Mark Javery brings this Title VII action against his former employer, Lockheed Martin. Javery contends that Lockheed discriminated against him because of his race (African American) when Lockheed terminated him on May 19, 2014. Specifically, Javery's claim is one for "disparate treatment," *i.e.*, that he was treated less favorably than other white management employees because of his race. Javery had been employed with the company as an engineer for almost 17 years without incident, and at the time of his termination he was a Level 5 leader/manager. Lockheed's position is that Javery was terminated because he was dishonest during an internal investigation—an investigation that revealed that Javery had tried to circumvent an established reporting procedure in order to bolster performance data being reported to NASA. NASA is one of Lockheed's major customers. Javery has also sued Lockheed for defamation contending that the accusations against him were untrue and injurious to his reputation.

Lockheed now moves for summary judgment on Javery's Title VII and defamation claims.[2] Lockheed also moves in limine to exclude an unfavorable report issued by NASA's Office of Inspector General.

II.    **Discussion**

*Motion for Summary Judgment*

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (citing

---

[2] Javery had also joined claims for Title VII retaliation, state law discrimination, and for violations of the federal and state whistleblower laws. Those claims were dismissed on the pleadings on March 7, 2016. (Rec. Doc. 62).

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (citing Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (citing *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)).

When faced with a well-supported motion for summary judgment, Rule 56 places the burden on the non-movant to designate the specific facts in the record that create genuine issues precluding summary judgment. *Jones .v Sheehan, Young, & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996). The district court has no duty to survey the entire record in search of evidence to support a non-movant's position.[3] *Id.* (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1992); *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1307 (5th Cir. 1988)).

**1.    Title VII Discrimination**

Lockheed contends that it terminated Javery for a legitimate, non-discriminatory

---

[3] The Court stresses this last point because Javery submitted nearly 600 pages in opposition to Lockheed's summary judgment motion and his exhibits consisted almost entirely of deposition transcripts. The depositions are lengthy yet the cites refer to the depositions in globo as opposed to specific page numbers within the exhibits. The Court considers any arguments based on exhibits that were not expressly referred to in briefing as waived.

reason—that he violated a company policy in order to bolster NASA's data and then lied about it during an internal investigation. Lockheed's argument on summary judgment is that Javery cannot prove that this proffered reason was pretextual, and that Javery can point to no evidence of discriminatory intent.

Javery's position in this litigation is that similarly situated white employees were not terminated for conduct similar to his.

Title VII makes it unlawful for a covered employer "to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." *Moghalu v. Bd. of Supervisors, Univ. of La. Sys.*, No. 15-30559, 2016 WL 943619, at *3 (5th Cir. Mar. 11, 2016) (unpublished) (quoting 42 U.S.C. § 2000e-2(a)(1)). Liability on a claim that an employer intentionally discharged an employee because of race or national origin, *i.e.*, a "disparate treatment" claim, "depends on whether the protected trait actually motivated the employer's decision." *Id.* (quoting *Young v. United Parcel Serv., Inc.*, 135 S. Ct. 1338, 1345 (2015)).

The *McDonnell Douglas*[4] burden-shifting framework applies when a plaintiff relies upon circumstantial evidence to prove a case of unlawful discrimination.[5] *Paske v. Fitzgerald*, 785 F.3d 977, 984 (5th Cir. 2015) (citing *Burrell v. Dr. Pepper/Seven Up Bottling Grp., Inc.*, 482 F3d 408, 411-12 (5th Cir. 2007)). Under this framework, the plaintiff establishes a prima facie case of disparate treatment racial discrimination in employment by demonstrating 1) that he is a member of a protected class, 2) that he was qualified for the position at issue, 3) that he was the subject of an adverse employment action, and 4) that

---

[4] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

[5] Javery does not contend that he has any direct evidence of racial discrimination by Lockheed Martin. Therefore, his case is one that relies solely on circumstantial evidence.

he was treated less favorably because of his membership in that protected class than were other similarly situated employees who were not members of the protected class, under nearly identical circumstances. *Lee v. Kansas City So. Ry.*, 574 F.3d 253, 259 (5th Cir. 2009). Once an employee has presented a prima facie case, an inference of intentional discrimination is raised and the burden of production shifts to the employer who must offer an alternative non-discriminatory explanation for the adverse employment action. *Id.* (citing *LaPierre v. Benson Nissan*, 86 F.3d 444, 448 (5th Cir. 1996); *McDonnell Douglas*, 411 U.S. at 802). If the employer can provide a legitimate nondiscriminatory explanation, the inference of discrimination drops out and the burden shifts back to the employee to demonstrate that the employer's explanation is merely a pretext for racial bias. *Id.* (citing *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 255-56 (1981)). Notwithstanding the burden shifting explained in *McDonnell Douglas*, the burden of proof as to racial discrimination remains with the plaintiff throughout. *Lee*, 574 F.3d at 259 n. 13 (citing *Burdine*, 450 U.S. at 253).

      Turning now to Javery's case, the Court begins by making the observation that this case involves no direct evidence whatsoever of racially offensive behavior of any kind in the Lockheed workplace. Of course, this is not fatal to Javery's case because Title VII plaintiffs often present cases based on circumstantial evidence alone. But Javery's circumstantial case—both at the prima facie and pretext stages—hinges on the validity of his comparator evidence. If Javery's comparator evidence fails then he will not have established the fourth element of his prima facie case, *i.e.*, that white employees similarly situated to him received more favorable treatment under nearly identical circumstances. Without a prima facie case no inference of racial discrimination arises, and therefore even if Javery can create an issue of fact as to whether Lockheed's proffered nondiscriminatory reason is truthful, that would

be insufficient to avoid summary judgment under the law in this circuit.[6]

On the other hand, even if Javery has established a prima facie case, the inference of discrimination that it carries dissipates with Lockheed's nondiscriminatory reason for the termination.[7] Javery must then create an issue of fact that the proffered reason was a pretext *for racial discrimination*. Javery devotes significant argument to the contention that Lockheed gave inconsistent explanations regarding his termination, and to a litany of other discrepancies in the facts surrounding Lockheed's proffered nondiscriminatory reason for terminating him—circumstances which suggest that the explanation may be false or a pretext for some other motivation that Lockheed has not divulged.[8] To be sure, proof of falsity is significant in the Title VII realm and the instances of when it is insufficient to establish discrimination will be "rare."[9] *Laxton v. Gap, Inc.*, 333 F.3d 572, 578 (5th Cir.

---

[6] Lockheed did not address the sufficiency of Javery's prima facie case, instead proceeding directly to the pretext step of the *McDonnell Douglas* framework. Proceeding this way is acceptable, *see Okoye v. Univ. of Tex. Houston Health Scien. Ctr., 245 F.3d 507, 513 (5th Cir. 2001)*, but a plaintiff seeking to survive summary judgment cannot defeat summary judgment solely on the issue of pretext—under the law of this circuit he must also establish a prima facie case. *See Paske*, 785 F.3d at 985 & n.8; *Hague v. University of Texas Health Science Center*, 560 Fed. Appx. 328, 334-35 (5th Cir. Mar. 28, 2014) (unpublished).
    The first three elements of a prima facie case of race-based discrimination are not in dispute in this case. Javery is black, he was qualified for his position, and he was terminated. Only the fourth element pertaining to disparate treatment when compared to white employees is in dispute.

[7] It is important to remain mindful that the employer's burden as to the legitimate, nondiscriminatory reason for terminating the plaintiff is one only of production, not persuasion. *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 898 (5th Cir. 2002) (citing *Reeves*, 530 U.S. at 142). This burden is unfettered by any assessment as to credibility. *Id.*

[8] In fact in his opposition Javery himself offers some other potentially non-racial reasons that Lockheed might have terminated him including reasons related to the findings contained in the OIG report that Lockheed seeks to exclude.

[9] Proof of falsity may be insufficient to establish discrimination when 1) the record conclusively reveals some other nondiscriminatory reason for the employer's decision, or 2) when the plaintiff creates only a weak issue of fact as to whether the employer's reason was untrue, and there is abundant and uncontroverted evidence that no discrimination occurred. *Laxton*, 333 F.3d at 578 (citing *Russell*, 235 F.3d at 223). Whether judgment as a matter of law is appropriate in any particular case will depend on a number of factors including the strength of the plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports the employer's case. *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 220 (5th Cir. 2001) (quoting *Reeves*, 530 U.S. at 148-49).

2003) (citing *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 223 (5th Cir. 2000)); s*ee Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147-48 (2000) (recognizing that there may be other nondiscriminatory reasons for an adverse employment action that are not actionable under Title VII). But the bearing that falsity or pretext has on the summary judgment analysis will depend on the broader context of the evidence of record, *see* note 9, *supra*, and the strength of the plaintiff's showing as to pretext. To create an issue of fact *as to racial discrimination* at the pretext stage, Javery relies on falsity and on the same comparator evidence that he relies upon to establish element four of his prima facie case. Thus, as the Court noted above, the viability of Javery's circumstantial case hinges on the validity of his comparator evidence. [10]

### a. Comparator Evidence

The validity of Javery's comparator evidence turns on whether the white employees identified by him as comparators were similarly situated to him. Employees with different supervisors, who work for different divisions of a company or who were the subject of adverse employment actions too remote in time from that taken against the plaintiff generally will not be deemed similarly situated. *Lee*, 574 F.3d at 259-60 (citing *Wyvill v. United Cos. Life Ins. Co.*, 212 F.3d 296, 302 (5th Cir. 2000)). Likewise, employees who have different work responsibilities or who are subjected to adverse employment action for

---

[10] On February 11, 2016, Lockheed filed a motion in limine to exclude Javery's comparators. (Rec. Doc. 46). Lockheed filed the motion after Javery filed his opposition to Lockheed's motion for summary judgment. On February 16, 2016, the Court entered an order denying the motion in limine and advising the parties that the Court would allow the jury to determine whether Javery's comparators were sufficient to support Javery's claim of racial discrimination. (Rec. Doc. 56). The Court has considered the parties' memoranda related to the motion in limine in conjunction with the motion for summary judgment. Upon reviewing the record as a whole the Court is now persuaded that the question whether Javery's proposed comparators are acceptable presents only issues of law for the Court to decide. Javery did not rely on the ruling to his detriment because he filed his opposition to the motion for summary judgment before the Court issued its ruling on the comparator motion in limine.

dissimilar violations are not similarly situated. *Id.* (citing *Smith v. Wal-Mart Stores (No. 471)*, 891 F.2d 1177, 1180 (5th Cir. 1990)). This is because this circuit requires that an employee who proffers a fellow employee as a comparator demonstrate that the employment actions at issue were taken under "nearly identical circumstances." *Id.* (citing *Little v. Republic Ref. Co.*, 924 F.2d 93, 97 (5th Cir. 1991)). The employment actions being compared will be deemed to have been taken under nearly identical circumstances when the employees being compared held the same job or responsibilities, shared the same supervisor or had their employment status determined by the same person, and have essentially comparable violation histories. *Id.* (citing *Wallace*, 271 F.3d at 221-22; *Barnes v. Yellow Freight Sys., Inc.*, 778 F.2d 1096, 1101 (5th Cir. 1985); *Okoye*, 245 F.3d at 514).

Critically, the plaintiff's conduct that drew the adverse employment decision must have been "nearly identical" to that of the proffered comparator who allegedly drew dissimilar employment decisions. *Lee*, 574 F.3d at 260. If the difference between the plaintiff's conduct and that of those alleged to be similarly situated accounts for the difference in treatment received from the employer, the employees are not similarly situated for the purposes of the employment discrimination analysis. *Id.* (quoting *Wallace*, 271 F.3d at 221).

"Nearly identical" does not mean "identical" because the plaintiff's burden would be insurmountable in most cases. *Roberts v. Lubrizol Corp.*, 582 Fed. Appx. 455, 459 (5th Cir. 2014) (unpublished) (citing *Lee*, 574 F.3d. at 260). Therefore, the similitude of employee violations may turn on the "comparable seriousness" of the offenses for which discipline was meted out and not necessarily on how a company codes an infraction under its rules and regulations. *Id.* (quoting *McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 283 n.11 (1976)). Otherwise, an employer could avoid liability for discriminatory practices simply

by coding one employee's violation differently from another's. *Lee*, 574 F.3d at 261. But "comparably serious" misconduct only suffices to make two employees similarly situated if their circumstances surrounding the misconduct are "nearly identical." *See Perez v. Tex. Dep't of Crim. Just.*, 395 F.3d 206, 213 (5th Cir. 2004).

Javery identifies the three white comparators who he contends demonstrate a pattern of racially disparate treatment at Lockheed: Steve Poulton, John Welborn, and Phil Price.[11] Poulton and Welborn are easily disregarded as comparators because even though they were never terminated for their problems at Lockheed, their problems were performance related. Poulton and Welborn were not subject to discipline for the type of misconduct that Lockheed alleged against Javery or for anything even comparably serious.

Phil Price is the comparator whose circumstances are most like Javery's. Phil Price was a white Level 5 leader/manager who reported to the same manager that Javery reported to. Javery identifies three disciplinary infractions by Price. Price's first infraction occurred when Price allowed employees under his supervision to charge expenses to a budget when there was a work stoppage. Lockheed deemed this infraction to be serious but Price was not terminated. Next Price was reprimanded for telling his staff that Javery had been terminated at NASA's request. Again, Price was not terminated.

Finally, in May 2014 Price authorized a subordinate to transfer data containing propriety information outside of Lockheed. Lockheed terminated Price for this misconduct.

The Court is persuaded that as a matter of law Price is not a suitable comparator for Javery's discrimination case. Lockheed admits that the first infraction, which involved

---

[11] Javery also briefly mentions Bryon Ladner, the white employee who replaced him. (Rec. Doc. 32-3, Opposition at 11). The Court has never understood Javery's argument to be that he was fired so that Lockheed could move a white employee into his vacated position. Rather, Javery's claim is that he was disciplined more harshly than other similarly situated white employees. Ladner's transfer into Javery's old position does not make him a comparator for the disparate treatment in discipline claim.

charging expenses to an invalid budget, was a serious one. But seriousness alone will not suffice because the law in this circuit requires that the infractions be "comparably serious." Regardless of the merits of the accusations against Javery, those accusations involved unethical and dishonest conduct. While Price's misconduct was serious, it is not apparent that it involved aspects of unethical conduct or dishonesty.

For purposes of Javery's case, the question whether Price's final infraction regarding the release of proprietary data was "comparably serious" is irrelevant because Lockheed terminated Price for that misconduct. Given Price's termination, Javery's disparate treatment argument with respect to Price is that he received more favorable treatment because he was not suspended pending the investigation into any of his infractions. Meanwhile, Lockheed suspended Javery with pay pending the investigation into his conduct.

The problem with Javery's argument is that the actionable Title VII adverse employment action at issue is the termination of employment, not the suspension with pay. Javery must establish disparate treatment vis à vis the specific adverse employment action upon which his Title VII cause of action is based—termination. Because Price was terminated for the third infraction, his situation does not provide probative comparator evidence for Javery's disparate treatment claim even if the two instances of misconduct were actually "comparably serious."

In sum, because Javery cannot establish via competent evidence that similarly situated white employees were treated more favorably than he was under nearly identical circumstances, his prima facie case of racial discrimination fails. Under the circumstances, he cannot avoid summary judgment regardless of any showing that he makes as to pretext.

   **b.**     ***Pretext***

When the plaintiff fails to establish a prima face case of race discrimination, the Court need not address whether the plaintiff has created an issue of fact as to pretext. *Refaei v. McHugh*, 624 Fed. Appx. 142, 146 (5th Cir. 2015) (unpublished). The Court notes, however, that even if Price could serve as an appropriate comparator thereby giving Javery a weak prima facie case of racial discrimination, the Court is persuaded that on the current record Lockheed would nonetheless be entitled to summary judgment. And the Court makes this observation having noted the significant disconnect between the bold and incendiary language that Lockheed uses to describe Javery's conduct and the exhibits that Lockheed offers in support of its motion for summary judgment. Simply, Lockheed's evidence was underwhelming; perhaps this is because Lockheed does not bear the burden of persuasion. The Court is not saying that Javery has proved that Lockheed's proffered reason for his termination was actually false but the Court is persuaded that he did create an issue of fact as to that issue. The Court read Javery's deposition in its entirety, and while credibility cannot be judged conclusively by reading testimony, the Court finds that Javery's version of what occurred at Lockheed is convincing.

But unfortunately for Javery, Title VII does not redress seemingly unfair employment decisions unless they are also racially discriminatory, and that's where Javery fails to create an issue of fact. Even if Javery proves falsity, the proffered reason must be a pretext *for racial discrimination* not for some other motivation. Given the weakness of Javery's prima facie case (assuming that he even can establish one) and the complete absence of any evidence of racial animus, the probative value of falsity alone cannot defeat summary judgment.

For the foregoing reasons, Lockheed's motion for summary judgment as to Title VII race discrimination is GRANTED.

**2.    Defamation**

Defamation is a tort which involves the invasion of a person's interest in his or her reputation and good name. *Costello v. Hardy*, 864 So. 2d 129, 139 (La. 2004) (citing *Fitzgerald v. Tucker*, 737 So. 2d 706, 715 (La. 1999); *Trentecosta v. Beck*, 703 So. 2d 552, 559 (La. 1997); *Sassone v. Elder*, 626 So. 2d 345, 350 (La. 1993)). Four elements are necessary to establish a defamation cause of action: 1) a false and defamatory statement concerning another; 2) an unprivileged communication to a third party; 3) fault (negligence or greater, such as malice) on the part of the publisher; and 4) resulting injury. *Id.* (quoting *Trentecosta*, 703 So. 2d at 559).

Words that convey an element of personal disgrace, dishonesty, or disrepute are defamatory. *Costello*, 864 So. 2d at 140 (citing *Fitzgerald*, 737 So. 2d at 716). In Louisiana, defamatory words have traditionally been classified into two categories: those that are defamatory per se and those that are susceptible of a defamatory meaning. *Id.* (citing *Lemeshewsky v. Dumaine*, 464 So. 2d 973, 975 (La. App. 4th Cir. 1985)). Words that expressly or implicitly accuse another of criminal conduct are considered defamatory per se. *Id.* When a plaintiff proves publication of words that are defamatory per se, the elements of falsity and malice (or fault) are presumed, but may be rebutted by the defendant. *Id.* (citing *Kosmitis v. Bailey*, 685 So. 2d 1177, 1180 (La. App. 2d Cir. 1996)).

Liability for defamation does not attach from privileged publications or communication. *Hines v. Ark. La. Gas Co.*, 613 So. 2d 646, 656 (La. App. 2d Cir. 1993) (citing *Toomer v. Breaux*, 146 So. 2d 723 (La. App. 3d Cir. 1962)). With respect to an employer who undertakes an investigation of employee misconduct, a qualified or conditional privilege is enjoyed when making a statement in good faith, on a subject in which the communicator has an interest or duty, to one having a corresponding interest or

duty. *Id.* (citing *Roberts v. La. Bank & Trust Co.*, 550 So. 2d 809 (La. App. 2d Cir. 1989)). "Good faith" means having reasonable grounds for believing that the statement is correct, but proof of ultimate truth is not necessarily required. *Id.*

Lockheed's motion for summary judgment is DENIED as to Javery's defamation claim. The accusations that Lockheed made against Javery are defamatory per se. If the jury determines that the accusations are not only false but not made in good faith, then no privilege will attach.

### *Motion in Limine*

Given that the Court has dismissed Javery's Title VII claim, the motion in limine as to the OIG report is DENIED IN MOOT.[12]

Accordingly;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 22)** filed by defendant Lockheed Martin Corporation is **GRANTED IN PART AND DENIED** IN PART as explained above;

**IT IS FURTHER ORDERED** that the **Motion in Limine to Exclude OIG Report and Related Materials, Statements, and Testimony (Rec. Doc. 50 *SEALED*)** is **DENIED AS MOOT**;

**IT IS FURTHER ORDERED** that the Case Manager for Section A contact counsel for the purpose of selecting a trial date (October 1, 2016, or later) and pretrial conference date for the defamation claim.

April 26, 2016

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[12] The Court assumes that Javery had wanted to admit the report in support of his Title VII claim.